IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **VIBES MEDIA, LLC,** | |
| Plaintiff, | Case No.: 1:18-cv-04910 |
| v. | |
| **KKW FRAGRANCE, LLC,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

Plaintiff Vibes Media, LLC ("Plaintiff" or "Vibes"), by its attorneys, as and for its Complaint against Defendant KKW Fragrance, LLC ("Defendant" or "KKW Fragrance") alleges as follows:

## NATURE OF THE CASE

1. This is a civil action for (1) trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114; (2) unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a); and (3) unfair competition under Illinois common law. Vibes brings this action to protect one of its most valuable assets, namely, the goodwill and consumer recognition associated with its trademarked logo (the "Registered Vibes Logo"), which Vibes as used continuously in commerce since January 2011:



2. Plaintiff owns a federal trademark registration for the Registered Vibes Logo. A true and correct copy of the federal trademark registration certificate (*i.e.*, Reg. No. 4,352,618, referred to herein as the "Vibes Registration" or "the '618 Registration") for the Registered Vibes Logo is attached hereto as Exhibit A.

## PARTIES

3. Vibes Media, LLC is a Delaware Limited Liability Company having its principal place of business at 300 W. Adams Street, 7th Floor, Chicago, IL 60606.

4. KKW Fragrance, LLC is a California Limited Liability Company having a principal place of business at 21731 Ventura Blvd., Suite 300, Woodland Hills, CA 91364.

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction over Plaintiff's Lanham Act claims, pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a). This Court has supplemental jurisdiction over Plaintiff's related state and common law claims under 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Defendant because Defendant is engaging in various activities within this State and this District, including offering for sale and advertising its accused products in this District. The consequences of Defendant's actions produce effects in and directly implicate this forum.

7. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim occurred within this District and because Defendant's acts of infringement are causing harm in this District.

## FACTUAL BACKGROUND

### Vibes Media, LLC

8. Founded in 1998, Vibes Media, LLC is a leader in the field of mobile marketing, and helps its customers increase revenue and engagement using technology. In particular, Vibes is well-known for products and services that allow their customers to manage their mobile marketing communications, such as through text-message-based marketing solutions, mobile wallet campaigns (*e.g.* marketing using Apple Passbook and Google Wallet), and other innovations.

9. As part of its promotion and goodwill development, and in order to protect the source-identifying marks Vibes has developed, Vibes has applied for and received numerous active federal trademark registrations, including, but not limited to the Vibes Registration.

### The Vibes Logo

10. For many years, Vibes has promoted, marketed, and offered its products and services in interstate commerce using the Registered Vibes Logo.

11. In an effort to promote its brand recognition and protect its valuable goodwill, Vibes filed a trademark application for its Registered Vibes Logo on April 23, 2012, with a date of first use of January 2011. The Vibes Registration issued under Registration Number 4,352,618 on June 18, 2013 for "IC 042: Application service provider, namely, hosting, managing, developing, and maintaining applications, software and websites in the field of disseminating advertising and marketing materials for others, for wireless delivery of content to handheld computers, laptops and mobile electronic devices." *See* Exhibit A.

12. Since at least as early as January 2011, Vibes has continuously used its Registered Vibes Logo in interstate commerce in connection with services throughout the United States.

13. For example, the Registered Vibes Logo is prominently displayed in the front lobby of Vibes' headquarters in Chicago, IL. Vibes' customers and potential customers frequently visit the Chicago headquarters and are met with the following display:



14. The Registered Vibes Logo is distinctive.

15. As provided by 15 U.S.C. § 1115(a), Vibes' federal registration of the Registered Vibes Logo serves as "prima facie evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the registration."

16. On July 18, 2018, Vibes filed a Declaration of Incontestability pursuant to 15 U.S.C. § 1065.

17. Pursuant to 15 U.S.C. § 1065, the right of incontestability vests as of the date of filing of a Declaration of Incontestability under the Lanham Act. Accordingly, the Vibes Registration is incontestable as of July 18, 2018.

18. Vibes recently began to adopt a slightly modified version of its Registered Vibes Logo, as shown in two variants below (referred to herein as the "Updated Vibes Logo").



19. The Updated Vibes Logo is nearly identical to the Registered Vibes Logo but features a slightly modified font style.

20. The Updated Vibes Logo creates a continuing commercial impression with the Registered Vibes Logo and is the legal equivalent of the Registered Vibes Logo.

**Defendant's Infringing and Unfair Conduct**

21. Defendant owns and operates a website at www.kkwfragrance.com, where it promotes and sells various personal fragrance products (*i.e.* perfumes) under multiple product groups, including the "KKW Kimoji" line.

22. On information and belief, the KKW Fragrance brand is affiliated with Kim Kardashian West.

23. Defendant markets its products through social media channels, including through Instagram (username: @kkwfragrance) and Twitter (username: @kkwfragrance).

24. Relevant here, Defendant KKW Fragrance released its new KKW Kimoji line on July 17, 2018. *See* Exhibit B, Harper's Bazaar article. The KKW Kimoji line features three products: Vibes, Peachy, and Cherry.

5

25. In particular, Defendant has been marketing, promoting, and is now selling a "Vibes" perfume. The "Vibes" perfume comes in a bottle that is a close facsimile of the Registered Vibes Logo (the design of which is referred to herein as the "Infringing Bottle"):



*See* Exhibit C, printout from https://kkwfragrance.com/products/kimoji-vibes

26. Defendant has also used a logo that is a close facsimile of the Registered Vibes Logo to promote the Vibes perfume on social media (referred to herein as the "Infringing Logo"):



*See* Exhibit D, printout of https://twitter.com/KKWFRAGRANCE/status/1015271619156045824

27. Furthermore, in addition to being packaged in the Infringing Bottle, the Vibes perfume, is further placed inside a box that is emblazoned with the Infringing Logo:



*See* Exhibit E, Printout of https://twitter.com/kkwbeauty/status/1018220555986710529.

28. There is a strong likelihood that consumers will be confused into believing that Defendant's Vibes perfume is Plaintiff's product or that it is authorized, endorsed, sponsored, or approved by Plaintiff.

29. Alternatively, due to Defendant's affiliation with high-profile celebrities (*i.e.*, the Kardashians), it is highly likely that consumers will view Plaintiff's products as somehow being affiliated with Defendant – in other words, there is a high likelihood of reverse confusion as a result of Defendant's use of such a confusingly similar logo.

Case: 1:18-cv-04910 Document #: 1 Filed: 07/18/18 Page 9 of 14 PageID #:9

30. On information and belief, Defendant has intentionally copied the Registered Vibes Logo in order to improperly and unfairly trade on the substantial goodwill that Plaintiff has achieved through its marketing efforts and years of customer satisfaction.

31. On information and belief, Defendant had actual knowledge of the existence of Plaintiff's Registered Vibes Logo and trademark rights in same before Defendant first began offering its Vibes perfume.

32. At no time has Vibes authorized Defendant to use the Registered Vibes Logo or any facsimile of the Registered Vibes Logo.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114)

33. Plaintiff incorporates by reference Paragraphs 1 - 32 above as if restated herein in their entirety.

34. Defendant had actual or constructive knowledge of Vibes' rights in its federally-registered Registered Vibes Logo that is the subject of the Vibes Registration at least as early as the date of its registration, June 18, 2013.

35. The Vibes Registration is incontestable.

36. Defendant is using, in commerce, a reproduction or copy of Plaintiff's Registered Vibes Logo at a minimum by advertising, marketing, offering for sale, and selling its Vibes perfume in the Infringing Bottle.

37. Defendant is using, in commerce, a reproduction or copy of Plaintiff's Registered Vibes Logo by advertising, marketing, offering for sale, and selling its Vibes perfume in connection with the Infringing Logo, including by displaying the Infringing Logo in promotional

9

posts on Instagram and Twitter, and by affixing the Infringing Logo to the box in which the Vibes perfume is sold.

38. Plaintiff has neither consented to nor authorized Defendant's use of the Registered Vibes Logo, the Infringing Bottle, or the Infringing Logo.

39. Defendant's use of the Infringing Bottle is likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval of the Vibes perfume.

40. The Infringing Bottle is confusingly similar to the Registered Vibes Logo that is the subject of the Vibes Registration.

41. Defendant's use of the Infringing Logo is likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval of the Vibes perfume.

42. The Infringing Logo is confusingly similar to the Registered Vibes Logo that is the subject of the Vibes Registration.

43. Defendant's use of the Infringing Logo and/or Bottle is likely to lead consumers to be confused as to the source, sponsorship, or approval of Plaintiff's services (*i.e.*, Defendant's use of the Infringing Logo and/or Infringing Bottle is likely to cause reverse confusion in violation of the Lanham Act).

44. Defendant's unauthorized use of the Infringing Logo and/or Infringing Bottle constitutes a violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(a).

45. The intentional nature of Defendant's unauthorized use of the Infringing Logo and/or Infringing Bottle renders this an exceptional case under 15 U.S.C. § 1117(a), justifying the imposition of treble damages and the award of Vibes' fees and costs associated with bringing this action.

46. As a result of Defendant's above-outlined conduct, Vibes has suffered and continues to suffer substantial damage and irreparable harm constituting an injury for which Vibes has no adequate remedy at law. In particular, Vibes will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct. Specifically, such irreparable harm includes, but is not limited to, reputational harm amongst Vibes' actual and potential customers, and erosion of market share.

## COUNT II
### UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(a))

47. Plaintiff incorporates by reference Paragraphs 1 - 46 above as if restated here in their entirety.

48. Defendant had actual or constructive knowledge of Vibes' rights in its federally-registered Registered Vibes Logo that is the subject of the Vibes Registration at least as early as the date of its registration, June 18, 2013.

49. Plaintiff has neither consented to nor authorized Defendant's use of the Registered Vibes Logo, the Infringing Bottle, or the Infringing Logo.

50. Defendant's use of the Infringing Bottle is likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval of the Vibes perfume.

51. The Infringing Bottle is confusingly similar to the Registered Vibes Logo that is the subject of the Vibes Registration.

52. Defendant's use of the Infringing Logo is likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval of the Vibes perfume.

53. The Infringing Logo is confusingly similar to the Registered Vibes Logo that is the subject of the Vibes Registration.

54. Defendant's use of the Infringing Logo and/or Bottle is likely to lead consumers to be confused as to the source, sponsorship, or approval of Plaintiff's services (*i.e.*, Defendant's use of the Infringing Logo and/or Infringing Bottle is likely to cause reverse confusion in violation of the Lanham Act).

55. Defendant's unauthorized use of the Infringing Logo and/or Infringing Bottle constitutes a violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

56. The intentional nature of Defendant's unauthorized use of the Infringing Logo and/or Infringing Bottle renders this an exceptional case under 15 U.S.C. § 1117(a), justifying the imposition of treble damages and the award of Vibes' fees and costs associated with bringing this action.

57. As a result of Defendant's above-outlined conduct, Vibes has suffered and continues to suffer substantial damage and irreparable harm constituting an injury for which Vibes has no adequate remedy at law. In particular, Vibes will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct. Specifically, such irreparable harm includes, but is not limited to, reputational harm amongst Vibes' actual and potential customers, and erosion of market share.

### COUNT III
### ILLINOIS COMMON LAW UNFAIR COMPETITION

58. Plaintiff incorporates by reference Paragraphs 1 - 57 above as if restated here in their entirety.

59. By using the Infringing Bottle and/or Infringing Logo to promote, market, and/or sell its products, Defendant is acting with the purpose and intent of deceiving consumers into believing that Defendant's Vibes perfume is made by Plaintiff or is affiliated with or approved by Plaintiff.

60. By using the Infringing Bottle and/or Infringing Logo to promote, market, and/or sell its products, Defendant intends to harm and is harming Plaintiff's business.

61. As a result of Defendant's unfairly competitive activities, Plaintiff has been damaged and will continue to be damaged unless Defendant is enjoined from using the Infringing Bottle and Infringing Logo.

62. Plaintiff is entitled to recover money damages to compensate for Defendant's unfair conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Vibes Media, LLC respectfully seeks the following relief against Defendant KKW Fragrance, LLC:

A. Judgment that Defendant's conduct violates Plaintiff's federal trademark rights, in violation of 15 U.S.C. § 1114.

B. Judgment that Defendant's conduct constitutes federal unfair competition in violation of 15 U.S.C. § 1125(a).

C. Judgment that Defendant's conduct constitutes unfair competition under Illinois common law.

D. Damages in an amount to be proven at trial, in the form of disgorgement of Defendant's profits, actual damages suffered by Plaintiff, and compensation for corrective advertising.

E. Treble damages as a result of the willful nature of Defendant's conduct, in accordance with 15 U.S.C. § 1117.

F. Plaintiff's attorneys' fees incurred in bringing this action, in accordance with 15 U.S.C. § 1117.

G. A preliminary and permanent injunction enjoining, restraining and ordering Defendant, and its officers, agents, servants, attorneys, and other persons who are in active concert or participation with it:

1. To cease using, selling, offering for sale, holding for sale, advertising, or promoting any goods or services under or in connection with any trade name, trademark, service mark, or Internet domain name that is comprised in whole or in

part of the Infringing Logo, the Registered Vibes Logo, or any other term, logo, or design confusingly similar to the Registered Vibes Logo.

2. To cease using, selling, offering for sale, holding for sale, advertising, or promoting any goods or services in connection with the Infringing Bottle.

3. To deliver to Plaintiff or destroy all inventory, literature, advertisements, and other materials displaying the Infringing Logo, the Registered Vibes Logo, or any other term, logo, or design confusingly similar to the Registered Vibes Logo.

4. To deliver to Plaintiff or destroy all inventory of the Infringing Bottle as well as all literature, advertisements, and other materials displaying the Infringing Bottle.

H. Pre-judgment and post-judgment interest.

I. Any and all other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

DATED: July 18, 2018 Respectfully submitted by,

/s/ Edward L. Bishop
Edward L. Bishop
ebishop@bdl-iplaw.com
Nicholas S. Lee
nlee@bdl-iplaw.com
Stephanie N. White
swhite@bdl-iplaw.com
BISHOP DIEHL & LEE, LTD.
1475 E. Woodfield Rd., Suite 800
Schaumburg, IL 60173
Phone (847)969-9123
Fax: (847) 969-9124

*Attorneys for Plaintiff*
*Vibes Media, LLC*